2. The meaning of "knowledge" in the context of § 550(b)(1) is explained in 4 L. King, Collier on Bankruptcy ¶ 550.03 at 550–10 (15th ed. 1985) as follows:

> To be protected under section 550(b)(1), a subsequent transferee must take "without knowledge of the voidability of the transfer avoided." Neither the Code nor the legislative history interprets this standard. The language appears to be derived from section 4–609(b)(1) of the Commission's bill, and was included as surplusage to illustrate a trans-

feree that could not be in good faith. The Commission intended the standard to mean "if the transferee knew facts that would lead a reasonable person to believe that the property [transferred] was recoverable." With respect to prepetition transfers that are recoverable only if a petition seeking relief under the Bankruptcy Code is filed, the transferee should be held to have knowledge of the voidability of the transfer if, *inter alia,* he has reasonable cause to believe that a petition may be filed. (footnotes omitted)

UNITED STATES of America, Appellee,

v.

MODERN ELECTRIC CO., Appellant.

UNITED STATES of America, Appellee,

v.

E. Eugene CARSON, Appellant.

Nos. 85–5070, 85–5071.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1986.

Decided April 14, 1986.

Troy C. Homesley, Jr. (Edmund L. Gaines, Homesley, Jones, Gaines & Fields, Statesville, N.C. on brief), for appellants.

Andrea Limmer, U.S. Dept. of Justice (Charles F. Rule, Acting Asst. Atty. Gen., John J. Powers, III, Washington, D.C., John R. Fitzpatrick, Karen Sedora Morgan, Christopher A. Wagner, Atlanta, Ga., on brief), for appellee.

Before HALL and PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

K.K. HALL, Circuit Judge:

Modern Electric Company and E. Eugene Carson, the company's secretary-treasurer, appeal their jury convictions for conspiracy in restraint of trade, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. We affirm.

The evidence adduced at trial revealed that appellants conspired with others to rig the bids of an electrical construction project being let by the town of Boone, North Carolina. The rigged bids were submitted on November 9, 1978. As agreed beforehand by the coconspirators, Haynes Electric was the lowest bidder and was awarded the project on February 26, 1979. A check dated January 9, 1981, in the amount of $4,998, payable to Modern Electric and cashed on January 12, 1981, constituted an illegal payoff to appellants for their part in the bid-rigging conspiracy. On January 11, 1982, Haynes Electric was paid the final installment for its work on the project.

On March 14, 1983, appellants reached a settlement agreement with the state of North Carolina in which the state, *inter alia*, released appellants "from all civil claims, demands and causes of action arising under the antitrust laws of the United States, 15 U.S.C. Section 1 *et seq.*" and granted them immunity from further prosecution concerning any transaction arising out of the bidding and award of the project.

On August 29, 1984, appellants were indicted by a federal grand jury for violating the antitrust provisions of the Sherman Act. They were tried and convicted and this appeal followed.

On appeal, appellants contend that, because their 1984 federal indictment for Sherman Act violations was returned more than five years from the date on which the bids were either submitted or accepted, it is time barred by the applicable statute of limitations under 18 U.S.C. § 3282. According to appellants, neither the illegal payoff they received in 1981 nor the payment received by Haynes Electric in 1982 is relevant in determining the statute of limitations. They further argue that their prosecution by the federal government is barred on double jeopardy grounds as a result of their settlement agreement with the state of North Carolina. In a case decided today, *United States v. A-A-A Electrical Co.*, 788 F.2d 242 (4th Cir.1986), we considered these same issues and resolved them adversely to the position advocated by appellants. Accordingly, for the reasons stated in Parts II and III of that opinion, we reject appellants' arguments here as meritless and affirm their convictions.

AFFIRMED.